| | |
|---|---|
| THOMAS H. JARVIS, JR,<br><br>        Plaintiff,<br><br>  vs.<br><br>TUCKERTON POLICE DEPARTMENT, DETECTIVE ROBERT "PAT" GRANT, in his official capacity and individually, CHIEF BRIAN OLSEN, in his official capacity and individually, OFFICER NICHOLAS DI MEO, in his official capacity and individually, DONALD RUTTER, STATE OF NEW JERSEY, COUNTY OF OCEAN, SUPERIOR POLICE OFFICER ROB ROE 1-10", "POLICE OFFICERS JOHN DOES 1-10"<br>AND "ABC CORP 1010" (the last three (3) being fictitious designations),<br><br>        Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>TRENTON VICINAGE<br><br>Hon. Peter G. Sheridan, U.S.D.J.<br>Hon. Lois H. Goodman, U.S.M.J.<br><br>Civil Action No. 3:22-cv-6920<br><br>(ELECTRONICALLY FILED) |

---

**BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT ON BEHALF OF DEFENDANT STATE OF NEW JERSEY**

---

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 116
Trenton, New Jersey 08625
Attorney for Defendant,
State of New Jersey

By: Jae K. Shim
    Deputy Attorney General
    609-815-2985
    Jae.shim@law.njoag.gov

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ..............................................2

TABLE OF AUTHORITIES ...........................................3

PRELIMINARY STATEMENT ..........................................5

STATEMENT OF FACTS .............................................6

PROCEDURAL HISTORY .............................................6

STANDARD OF REVIEW .............................................8

LEGAL ARGUMENTS ...............................................11

   POINT I

       PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO PLEAD A "SHORT AND PLAIN STATEMENT" SHOWING THAT HE IS ENTITLED TO RELIEF.. ...............................................11

   POINT II

       PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF'S COMPLAINT CONSTITUTES AN IMPERMISSIBLY VAGUE GROUP PLEADING.. .................13

CONCLUSION ....................................................14

**TABLE OF AUTHORITIES**

**Cases**                                                                    **Page**

Ashcroft v. Iqbal,
556 U.S. 662 (2009) ..................................9, 10, 11, 14

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007) ..................................9,11, 12

Branch v. Christie,
CV162467JMVMF, 2018 WL 337751, at *3
(D.N.J. Jan. 8, 2018) .........................................14

Conley v. Gibson,
355 U.S. 41, 47 (1957) .......................................11

Dura Pharmaceuticals, Inc. v. Broudo,
544 U.S. 336, 346 (2005)  ....................................11

Falat v. County of Hunterdon,
2013 U.S. Dist. LEXIS, at *12, 2013 WL 1163751 (D.N.J.
  Mar. 19, 2013)..............................................14

Fowler v. UPMC Shadyside,
578 F.3d 203, 211 (3d Cir. 2009) .............................13

Galicki v. New Jersey,
CIV.A. 14-169 JLL, 2015 WL 3970297, at *2 (D.N.J. June 29,
  2015)...................................................13, 14

Gross v. German Found. Indus. Initiative,
549 F.3d 605, 610 (3d Cir. 2008), cert. denied, 556 U.S.
1236 (2009) ...................................................8

Hishon v. King & Spalding,
467 U.S. 69, 73 (1984) .......................................12

In re Burlington Coat Factory Sec. Litig.,
114 F.3d 1410, 1429 (3d Cir. 1997) ...........................10

Malleus v. George,
641 F.3d 560, 563 (3d Cir. 2009) .........................12, 13

Pension Benefit Guar. Corp. v. White Consol. Indus.,
998 F.2d 1192, 1196 (3d Cir. 1993) ...........................13

Philips v. Cty. of Allegheny,

515 F.3d 224, 233 (3d Cir. 2008) ................................8

Skinner v. Switzer,
  562 U.S. 521 (2011) .........................................11

**Rules**

Fed. R. Civ. P. 8(a)(2) ....................................11, 12

Fed. R. Civ. P. 12(b)(6) ............................8, 9, 10, 12

**PRELIMINARY STATEMENT**

For the reasons delineated herein, this Court should grant Defendant State of New Jersey's ("State") motion to dismiss Plaintiff, Thomas Jarvis' ("Plaintiff") complaint for failure to state a claim upon which relief can be granted.

Plaintiff's claims against the State are barred because Plaintiff has not pled a "short and plain statement" showing that he is entitled to relief. The crux of Plaintiff's complaint stems from an incident where Plaintiff alleges the Tuckerton Police Department engaged in state created danger, which ultimately allowed Defendant Donald Rutter to harm Plaintiff. However, Plaintiff's complaint fails to allege any action taken by the State of New Jersey. Thus, Plaintiff's complaint does not state a claim upon which relief can be granted and therefore should be dismissed.

Furthermore, Plaintiff's complaint should be dismissed as his pleadings constitute impermissibly vague group pleadings against all Defendants.

Consequently, the State's motion to dismiss should be granted, and Plaintiff's complaint should be dismissed in its entirety.

**STATEMENT OF PROCEDURAL HISTORY AND FACTS**[1]

Plaintiff first filed a complaint in this matter on November 4, 2022 in the Ocean County Superior Court under docket OCN-L-2435. See ECF No. 1, Exhibit A.

Defendants Tuckerton Police Department, Detective Robert "Pat" Grant, Chief Brian Olsen, and Officer Nicholas Di Meo ("Tuckerton Defendants") timely removed the matter pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. §1331. See ECF No. 1.

Thereafter, removal was granted by the Court on December 27, 2022. See ECF No. 12.

Plaintiff's complaint first alleges that the Tuckerton Police Department, Detective Robert "Pat" Grant, Chief Brian Olsen, Officer Nicholas Di Meo ("hereinafter "Tuckerton Police Defendants"), Donald Rutter, State of New Jersey, and County of Ocean "owed a duty to Plaintiff and persons such as Plaintiff to serve and protect the Plaintiff and his premises without carelessness and/or negligence and/or palpable unreasonableness and to keep the plaintiff and premises safe, free and clear of all hazardous and/or dangerous persons which would endanger the safety of Plaintiff and persons such as Plaintiff." See ECF No. 1, Exhibit A, Count 1 at ¶2. Plaintiff claims the defendants breached that duty by "negligently

---

[1] The factual allegations in Plaintiff's complaint are assumed to be true solely for purposes of this motion. As they are closely intertwined, the Statement of Facts and Procedural History are being combined herein for the Court's convenience.

and/or willfully and/or intentionally disregarding the rules, policies, procedures and/or New Jersey Statutes, by allowing Defendant, Donald Rutter, to remain out of custody after a terroristic threat on the Plaintiff's life was made in the presence of" the Tuckerton Defendants. See Id. at ¶3. Plaintiff further claims that the response to the terroristic threats by the Tuckerton Defendants approved of Donald Rutter's threats by failing to act and created the danger to Plaintiff in violation of 42 U.S.C. §1983. See Ibid.

Plaintiff likewise, claims that the Tuckerton Defendants failed to seize firearms from Defendant Rutter which the Tuckerton Defendants had reasonable cause to believe and know he possessed. See Ibid. Tuckerton Defendants also failed to obtain and execute a Domestic Violence Warrant for the search and seizure of weapons. See Ibid.

Additionally, Plaintiff claims that the Tuckerton Defendants disregarded their own mission statement by allowing Defendant Rutter to remain out of custody and failed to warn Plaintiff of the danger of Defendant Rutter. See Id. at ¶5-6.

As a result of the above, Plaintiff claims that Defendants' negligence and/or willful and/or intentional disregard of the safety of Plaintiff caused Plaintiff to become severely and permanently injured. See Id. at ¶7.

Plaintiff's second count claims that Defendants breached their

duty to Plaintiff by negligently and/or carelessly and/or palpably unreasonably supervising, managing and investigating the dangerous person and protecting the Plaintiff and premises in such a way so as to cause Plaintiff to become injured. See Id. at Count 2 at ¶1-7.

Finally, Plaintiff claims that he is a third-party beneficiary under a policy or policies of insurance held by Defendants herein for the payment of medical expenses incurred as a result of the subject accident, regardless of fault and that Defendants have failed to honor the provisions of said policy and have refused and continue to refuse to make payment of medical expenses incurred as the result of the subject accident up to the limit of the policy provisions as aforesaid. See Id. at Count 3 at ¶1-3.

Defendant the State of New Jersey now moves to dismiss the complaint against it in lieu of an answer pursuant to Fed. R. Civ. P. 12(b)(6).

**STANDARD OF REVIEW**

In lieu of filing an answer to a complaint, a responding party may file a motion to dismiss for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In the context of a motion to dismiss under Rule 12(b)(6), the courts must accept as true the factual allegations in the complaint and construe any inferences to be drawn from those allegations in plaintiff's favor. See Philips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)

(internal citation omitted); Gross v. German Found. Indus. Initiative, 549 F.3d 605, 610 (3d Cir. 2008), cert. denied, 556 U.S. 1236 (2009).

To survive a motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must have more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A pleading that simply offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." Id. Thus, a complaint must state more than "naked assertions" devoid of "further factual enhancement." Id. Rather, a claim becomes facially plausible at this stage when, based on the factual content of the pleading, the court can draw a reasonable inference that the defendant is liable. Id. (quoting Twombly, 550 U.S. at 556). The plausibility standard requires more than simply a sheer possibility that a defendant has acted unlawfully. Id. In short, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true[.]" Twombly, 550 U.S. at 555.

Furthermore, in analyzing a motion to dismiss under the Federal Rules of Civil Procedure, a reviewing court need not accept as true a plaintiff's bald assertions or sweeping legal conclusions. In re

Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997). Conclusory allegations are not entitled to the assumption of truth, and a plaintiff must plead more than conclusory allegations that are merely consistent with liability in order to survive a motion to dismiss under Rule 12(b)(6). See Iqbal, 556 U.S. at 678.

**LEGAL ARGUMENT**

**POINT I**

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO PLEAD A "SHORT AND PLAIN STATEMENT" SHOWING THAT HE IS ENTITLED TO RELIEF.**

The Federal Rules of Civil Procedure provide that a pleading asserting a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Federal Rule of Civil Procedure 8(a)(2), so as to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47 (1957). Under this Rule, a pleading party need not underpin his claims for relief under a precise legal theory or present an exposition of his legal argument, Skinner v. Switzer, 562 U.S. 521, 530 (2011), but rather, he must provide – at a minimum – a "short and plain statement" that he is entitled to relief, Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 346 (2005). Stated differently, a complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that the claim is "plausible on its face." Twombly, 550 U.S. at 570. The facial-plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability

requirement' . . . it asks for more than a sheer possibility." Id.

Consistent with Federal Rule of Civil Procedure 8(a)(2), under Federal Rule of Civil Procedure 12(b)(6), a defending party to a lawsuit may assert that the pleading party failed to state a claim upon which relief can be granted in lieu of answering the complaint. See Fed. R. Civ. P. 12(b)(6). While Rule 12(b)(6) does not mandate "detailed factual allegations," a plaintiff is obligated to assert grounds entitling him to relief, meaning "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A reviewing court may dismiss a complaint for failure to state a claim when it appears beyond doubt that no relief could be granted under any set of facts that could prove consistent with the plaintiff's allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

When considering a motion under Rule 12(b)(6), a district court should undertake a three-prong analysis. See Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2009). First, the court should "tak[e] note of the elements a plaintiff must plead to state a claim." Id. Next, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id.; Twombly, 550 U.S. at 555 (holding that "[f]actual allegations must be enough to raise a right to relief above the speculative level"). Finally, when a plaintiff's complaint contains "well-pleaded factual allegations," the allegations should be presumed

veracious, and the court should ascertain whether they "plausibly give rise to an entitlement for relief." Malleus, 641 F.3d at 563. Such a claim requires more than a mere allegation of an entitlement to relief or demonstration of the "mere possibility of misconduct." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). The court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based on those documents. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

Here, all of Plaintiff's causes of action fail to satisfy the federal pleading standard as to the State. Plaintiff has failed to plead any facts that would establish that the State violated Plaintiff's civil rights. Plaintiff has only alleged violations regarding members of the Tuckerton Township Police Department and whether their actions or inactions were appropriate. Plaintiff, however, fails to allege any wrongdoing or negligent conduct on behalf of the State of New Jersey.

### POINT II

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF COMPLAINT CONSTITUTES AN IMPERMISSIBLY VAGUE GROUP PLEADING.**

Plaintiff's complaint impermissibly attempts to claim general allegations against the Defendants as a group; however, such pleadings are insufficient to survive a motion to dismiss. Galicki

13

v. New Jersey, CIV.A. 14-169 JLL, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015). Plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." Id. When a number of different defendants are named in a complaint, a plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "which [d]efendants engaged in what wrongful conduct." Branch v. Christie, CV162467JMVMF, 2018 WL 337751, at *3 (D.N.J. Jan. 8, 2018) (citing Falat v. County of Hunterdon, 2013 U.S. Dist. LEXIS, at *12, 2013 WL 1163751 (D.N.J. Mar. 19, 2013)). Otherwise, a complaint that contains "impermissibly vague group pleading" will be dismissed. Ibid.

As a result, without any further factual allegations against the State, this Court should dismiss Plaintiff's claims as Plaintiff has failed to plead sufficient facts to allege any civil rights violations against the State. Iqbal, 556 U.S. at 678

## CONCLUSION

For the foregoing reasons, Defendant State of New Jersey respectfully requests that this Court grant the motion to dismiss in their favor, and dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.

          Respectfully submitted,

          MATTHEW J. PLATKIN
          ATTORNEY GENERAL OF NEW JERSEY

        By: /s/  Jae K. Shim
          Jae K. Shim
          Deputy Attorney General
          NJ Attorney ID: 306432019

DATE: February 2, 2023