**LAW OFFICES ROSEMARIE ARNOLD**
1386 Palisade Avenue
Fort Lee, New Jersey 07024
(201) 461-1111
Attorneys for Plaintiff
Attorney ID# 034241986
Attorney ID# 012031999

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS JARVIS, JR.,<br><br>      Plaintiffs,<br><br>vs.<br><br>TUCKERTON POLICE DEPARTMENT, DETECTIVE ROBERT "PAT" GRANT, in his official capacity and individually, CHIEF BRIAN OLSEN, in his official capacity and individually, OFFICER NICHOLAS DI MEO, in his official capacity and individually, DONALD RUTTER, STATE OF NEW JERSEY, COUNTY OF OCEAN, "SUPERIOR POLICE OFFICER ROB ROE 1-10", "POLICE OFFICERS JOHN DOES1-10" and "ABC CORP 1-10" (the last three (3) being fictitious designations),<br><br>      Defendants. | Civil Action No.: 3:22-cv-6920<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT STATE OF NEW JERSEY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

                   *LAW OFFICES ROSEMARIE ARNOLD*
                   *Natalie A. Zammitti Shaw, Esq.*
                   *1386 Palisade Avenue*
                   *Fort Lee, NJ 07024*
                   *Tel: 201-461-1111*
                   *Fax: 201-461-1666*
                   NZammittiShaw@rosemariearnold.com
                   *Attorneys for Plaintiff, Thomas H. Jarvis, Jr.*

## **TABLE OF CONTENTS**

**TABLE OF CONTENTS**..................................................................................................1

**TABLE OF AUTHORITIES**.............................................................................................2

**COUNTER STATEMENT OF FACTS AND PROCEDURAL HISTORY**............................3

**STANDARD OF REVIEW**................................................................................................5

**LEGAL ARGUMENT**......................................................................................................7

    **POINT I**...............................................................................................................7
PLAINTIFF SUFFICIENTLY PLEADS CLAIMS AGAINST DEFENDANT STATE OF NEW JERSEY AND THEREFORE HIS COMPLAINT CANNOT BE DISMISSED

    **POINT II**..............................................................................................................9
IN THE ALTERNATIVE, PLAINTIFF SHOULD BE PERMITTED TO AMEND HIS COMPLAINT

**CONCLUSION**..............................................................................................................10

## **TABLE OF AUTHORITIES**

### CASES

Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir.2009)……………………………………..6
Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)……………………………………………..5
Chao v. Rivendell Woods, Inc., 415 F.3d 342, 62 Fed. R. Serv. 3d (Callaghan) 480, 151 Lab. Cas. (CCH) P35014, 10 Wage & Hour Cas. 2d (BNA) 1290 (4th Cir. 2005)…………………7
Darr v. Wolfe, 767 F.2d 79, 81 (3d Cir. 1985)……………………………………………....9
Dobyns v. United States, 91 Fed. Cl. 412 (2010)……………………………………………5
El-Khader v. Perryman, 264 F. Supp. 2d 645 (N.D. Ill. 2003),
aff'd, 366 F.3d 562, (7th Cir. 2004)……………………………………………………………..5
Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947)……………………...6
Mason v. Ariz., 260 F. Supp. 2d 807 (D. Ariz. 2003)……………………………………….5
N.L.R.B. v. Clark, 468 F.2d 459,468 (1972)…………………………………………………6
Osage Tribe of Indians of Okla. v. United States, 84 Fed.Ct. 495, 497 (2008)…………………..6
Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739 (1989)………………...………6,9
Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000)……………………………………………9
Simmons Co. v. Cantor, W.D.Pa.1943, 3 F.R.D. 281………………………………………7

### STATUTES AND RULES

F.R.C.P. 8 ……………………………………………………………………………5,6,7,8

F.R.C.P. 8(a) ………………………………………………………………….………………7

F.R.C.P. 12(b)(6) ……………………………………………….……………………………5,6

## COUNTER-STATEMENT OF FACTS AND PROCEDURAL HISTORY

This case arises out of an action brought by Plaintiff Thomas Jarvis, Jr. (hereinafter "Plaintiff") as a result of incidents leading up to a shooting that occurred on or about January 5, 2021 at his place of business a/k/a Jarvis Marine located at 324 Radio Road, Little Egg Harbor, New Jersey at approximately 7:30 p.m. Attached hereto, made a part hereof, and known as **Exhibit A** is the Notice of Claim. The claims arise out of incidents leading up to and including a shooting, wherein Plaintiff was shot by Defendant Donald Rutter (hereinafter "Rutter") at his place of business located at 324 Radio Road, Little Egg Harbor, New Jersey known as Jarvis Marine.

Defendant Rutter was an employee of the State of New Jersey as a coastal engineer at the time of the shooting. Attached hereto, made a part hereof, and known as **Exhibit B** is the Police Investigation Report. Defendant Rutter was operating a state-issued New Jersey Department of Environmental Protection 2015 Dodge Ram pickup truck. See **Exhibit B**. Defendant Rutter's vehicle did not have the state issued radio, which is how he would normally be tracked. See **Exhibit B**. Based upon information and belief, Defendant Rutter removed the radio from his State issued vehicle for some time prior to this shooting. Defendant State of New Jersey failed to take any action to correct this. Had the tracker been in place, the State could have seen where Defendant Rutter was while watching Plaintiff and premeditating how he was going to enter the property to shoot Plaintiff, for several days leading up to his shooting. The State allowed Defendant Rutter to operate a state vehicle unmonitored, which allowed him to utilize that state vehicle and lie in wait for several days.

Plaintiff's Complaint outlines how the Defendants, including Defendant State of New Jersey, failed to provide the appropriate supervision, management, investigation, and protection of the Plaintiff by allowing a hazardous and/or dangerous person to remain out of custody.

3

Attached hereto, made a part hereof, and known as **Exhibit C** is Plaintiff's complaint. Defendant State of New Jersey also allowed Defendant Rutter to remain unmonitored.

      Plaintiff's Complaint was filed on November 4, 2022 in the Ocean County Superior Court. At the time, Plaintiff's complaint was sufficiently plead. Defendants Tuckerton Police Department, Detective Robert "Pat" Grant, Chief Brian Olsen, and Officer Nicholas Di Meo removed the matter on December 1, 2022. Defendants Tuckerton Police Department, Detective Robert "Pat" Grant, Chief Brian Olsen, and Officer Nicholas Di Meo filed a motion to dismiss on December 1, 2022, Plaintiff filed an opposition on December 20, 2022 and a reply was entered on December 22, 2022; there has been no decision to date. Defendant State of New Jersey then then filed a motion to dismiss on February 2, 2023. Plaintiff respectfully requests that he be permitted to amend his complaint.

**STANDARD OF REVIEW**

Defendants have moved to dismiss the Amended Complaint on the basis that Plaintiff failed "to state a claim upon which relief can be granted" according to F.R.C.P. 8 and 12(b)(6). Under Fed. R. Civ. P. 12 (b)(6) the court must accept complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in plaintiff's favor. El-Khader v. Perryman, 264 F. Supp. 2d 645 (N.D. Ill. 2003), aff'd, 366 F.3d 562, (7th Cir. 2004). Standard, that district court may not dismiss complaint for failure to state claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claims which would entitle him to relief, often cited in Fed. R. Civ. P. 12(b)(6) motions, is equally applicable in Fed. R. Civ. P. 12(b)(1) motions challenging subject matter jurisdiction when such jurisdiction may be contingent upon factual matters in dispute. Mason v. Ariz., 260 F. Supp. 2d 807 (D. Ariz. 2003). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

In cases like Dobyns v. United States, the Courts have held that: "The notice pleading standard neither requires a claimant to plead facts establishing a prima facie case nor to set forth all facts on which he relies to support his claim. RCFC, Rule 8, 28 U.S.C.A." and "The simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims; it does not collapse discovery, summary judgment, and trial into the pleading stages of a case. RCFC, Rule 8, 28 U.S.C.A." Dobyns v. United States, 91 Fed. Cl. 412 (2010).

Moreover, in Dobyns v. United States, the Court also found:

5

>As an added point in its favor, the more measured reading of Rule 8 (and the Supreme Court's interpretations thereof) is reinforced by the remainder of the Federal Rules of Civil Procedure, particularly the provisions for discovery, pretrial and summary judgment. See N.L.R.B. v. Clark, 468 F.2d 459,468 (1972) (the new pleading rules "fit in naturally with, and are supplemented by, rules for discovery, pre-trial, and summary judgment"). This interpretation recognizes that "discovery," as the name implies, serves more than to verify facts already known (and pled). Rather, as noted by the drafters of Rule 26, "[t]he purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case." F.R.C.P. 26(b) advisory committee notes, 1946 amend.; see also Osage Tribe of Indians of Okla. v. United States, 84 Fed.Ct. 495, 497 (2008). The year after these comments were written, the Supreme Court emphasized that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947). For discovery to have that leveling effect—particularly, where there is an initial informational imbalance among the parties, and, especially, where one of the litigants is a government agency that has privileged access to information a claimant must not be required, *ab initio*, to aver all or nearly all the facts subservient to its claims. See Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir.2009)

Discovery has not yet been exchanged between the parties in this matter. The Complaint alleges enough facts to coincide with the causes of action presented therein. Per the Courts, the Complaint must be reviewed under a liberal standard. See Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739 (1989). Furthermore, every reasonable inference, fact, and implication is to be considered most strongly in favor of the Plaintiff. By that standard, the Complaint is appropriate. See Id. Particularly, all facts, reasonable inferences and implications must be considered most strongly in favor of the Plaintiff. In that regard, here, the Complaint must be reviewed in light most strongly in favor of Plaintiff. By the court's standard, Plaintiff's Complaint cannot be dismissed for lack of subject matter jurisdiction or failure to state a claim. Plaintiff has satisfied the liberal pleading requirements and Defendants' motion should be denied.

Based upon the facts and arguments supra and infra, Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss.

# LEGAL ARGUMENT

## POINT I

### PLAINTIFF SUFFICIENTLY PLEADS CLAIMS AGAINST DEFENDANT STATE OF NEW JERSEY AND THEREFORE HIS COMPLAINT CANNOT BE DISMISSED

Under Federal Rule of Civil Procedure 8(a), a pleading must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8. [emphasis added]. These rules do not require anything more than a short and plain statement of the claim showing that the pleader is entitled to relief, other than the grounds of jurisdiction and prayer for relief. Simmons Co. v. Cantor, W.D.Pa.1943, 3 F.R.D. 281. A complaint meets Fed. R. Civ. P. 8's requirements if, in light of nature of action, a complaint sufficiently alleges each element of cause of action so as to inform opposing party of claim and its general basis. Chao v. Rivendell Woods, Inc., 415 F.3d 342, 62 Fed. R. Serv. 3d (Callaghan) 480, 151 Lab. Cas. (CCH) P35014, 10 Wage & Hour Cas. 2d (BNA) 1290 (4th Cir. 2005).

Defendant argues that "Plaintiff has failed to plead any facts that would establish that the State violated Plaintiff's civil rights." However, Plaintiff's Complaint clearly states the State of New Jersey's negligent conduct and wrongdoing.

Plaintiffs' Complaint includes detailed facts of the incident and the improper conduct of the Defendants, including the State of New Jersey. The claims arise out of incidents leading up to and including a shooting, wherein Plaintiff was shot by Defendant Donald Rutter at his place of business located at 324 Radio Road, Little Egg Harbor, New Jersey known as Jarvis Marine.

Plaintiff's Complaint outlines how the Defendants, including Defendant State of New Jersey, failed to provide the appropriate supervision, management, investigation, and protection of the Plaintiff by allowing a hazardous and/or dangerous person to remain out of custody. See **Exhibit C**.

Defendant State of New Jersey also allowed Defendant Rutter to remain unmonitored. Defendant Rutter was an employee of the State of New Jersey as a coastal engineer at the time of the shooting. Attached hereto, made a part hereof, and known as **Exhibit B** is the Police Investigation Report. Defendant Rutter was operating a state-issued New Jersey Department of Environmental Protection 2015 Dodge Ram pickup truck. See **Exhibit B**. Defendant Rutter's vehicle did not have the state issued radio, which is how he would normally be tracked. See **Exhibit B**. Based upon information and belief, Defendant Rutter removed the radio from his State issued vehicle for some time prior to this shooting. Defendant State of New Jersey failed to take any action to correct this. Had the tracker been in place, the State could have seen where Defendant Rutter was while watching Plaintiff and premeditating how he was going to enter the property to shoot Plaintiff, for several days leading up to his shooting.  The State allowed Defendant Rutter to operate a state vehicle unmonitored, which allowed him to utilize that state vehicle and lie in wait for several days.

It is evident that there are clear and sufficient factual allegations to state a plausible claim for relief. Plaintiff sufficiently plead a short and plain statement of the claim showing that he is entitled to relief. See Fed. R. Civ. P. 8. At the very least, now that the matter has been removed to Federal Court, plaintiff should be permitted to amend his complaint to include the additional facts against the State of New Jersey.

## POINT II

### PLAINTIFF'S COMPLAINT DOES NOT CONSTITUTE A VAGUE GROUP PLEADING OR AT THE VERY LEAST, PLAINTIFF SHOULD BE PERMITTED TO AMEND HIS COMPLAINT.

Defendant argues that Plaintiff's complaint claims general allegations against the Defendants as a group. However, Plaintiff's complaint was originally filed in the Superior Court and is sufficiently plead. Since the filing of the Complaint, the matter was removed to Federal Court. Plaintiff respectfully submits that any dismissal should be without prejudice so that he may amend his pleadings.

The Third Circuit has consistently held that "when an individual has filed a complaint . . . which is dismissible [sic] for lack of factual specificity, he should be given a reasonable opportunity to cure the defect, if he can, by amendment of the complaint." Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000) (citing Darr v. Wolfe, 767 F.2d 79, 81 (3d Cir. 1985)); *see also* Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976). Similarly, the New Jersey Supreme Court has held that "the complaint must be searched in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary." Printing Mart-Morristown v. Sharp Electronics Corp., 116 N.J. 739, 746 (1989). "If a complaint must be dismissed after it has been accorded the kind of meticulous and indulgent examination counselled in this opinion, then, barring any other impediment such as a statute of limitations, the dismissal should be without prejudice to a plaintiff's filing of an amended complaint." Id. at 772.

Here, Plaintiff argues that the facts pleaded in his Complaint certainly state a claim for relief and are in compliance with the "short plain statement" requirement. However, should the Court find otherwise, Plaintiff should be allowed to amend his complaint.

## **CONCLUSION**

For the reasons set forth above, the Defendant State of New Jersey's motion to dismiss the complaint for the above reasons in lieu of an answer, should be denied.

Respectfully submitted,

*Natalie A. Zammitti Shaw*
*LAW OFFICES ROSEMARIE ARNOLD*
*Natalie A. Zammitti Shaw, Esq.*
*1386 Palisade Avenue*
*Fort Lee, NJ 07024*
*Tel: 201-461-1111*
*Fax: 201-461-1666*
*www.rosemariearnold.com*